UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EZEKIEL ZAMARIE DAVIS,

       Petitioner,

Case No. 23-cv-10732
Hon. Matthew F. Leitman

v.

DONALD CURLEY,

       Respondent.
_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE (ECF #2), (2) STAYING CASE PENDING EXHAUSTION OF STATE REMEDIES, AND (3) ADMINISTRATIVELY CLOSING CASE**

Petitioner Ezekiel Zamarie Davis is a state prisoner in the custody of the Michigan Department of Corrections. Davis filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See Petition, ECF #1.)

I.

In 2018, Davis was convicted of third and fourth-degree criminal sexual conduct in the Wayne Circuit Court. The case involved an allegation that Davis had nonconsensual sex with a woman who slept over at his residence. The defense insisted that the complainant consented to the intercourse. (ECF #1-2, PageID.250-51.)

The Michigan Court of Appeals affirmed his convictions on direct review. *People v. Davis*, No. 347310 (Mich. Ct. App. Oct. 22, 2020) (ECF #1-2, PageID.250.) The Michigan Supreme Court subsequently denied leave to appeal. *People v. Davis*, No. 163144 (Mich. Sup. Ct. Jan. 4, 2022). On March 24, 2023, Petitioner signed and dated his instant habeas petition. (ECF #1, PageID.19.)

Davis filed a motion to hold his habeas petition in abeyance while he seeks to exhaust state court remedies regarding a claim he asserts his appellate counsel was ineffective for not raising on direct review. Davis claims that the complainant suffered from a sleep or seizure disorder resulting from a prior automobile accident that might have affected her ability to remember the events surrounding the incident, and that his trial counsel was ineffective for failing to retain a medical expert witness to testify regarding the effects of her disorder. Davis asserts that he has retained an expert who is preparing a report for use in his state post-conviction proceeding. (ECF #2, PageID.275-78.)

State prisoners are required to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Davis filed his habeas petition with a little more than a month remaining on the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). To avoid complications with the statute of limitations, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275-76.

The Court concludes that such a stay is warranted here because it will enable Davis to exhaust his state court remedies for all of his claims without fear of violating the statute of limitations. There is no indication that Davis has been engaged in intentional dilatory actions or that his new claims are plainly meritless. The Court will hold the habeas petition in abeyance while he attempts to exhaust his new claim in state court.

Accordingly, **IT IS HEREBY ORDERED** that Davis's motion to hold his habeas petition in abeyance while he pursues possible state-court remedies (ECF #2) is **GRANTED**. This stay is conditioned upon Davis fully exhausting his state-court remedies, including, if necessary, seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court in the manner provided under Michigan law. The stay is further conditioned on Davis's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at

the top of this Order, within 60 days of fully exhausting his state court remedies. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 411 (6th Cir. 2009)(discussing similar procedure). If Davis fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Davis's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 17, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126